**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 15-cr-00272-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

13. JORGE LOYA-RAMIREZ,

    Defendant.

**ORDER DENYING DEFENDANT LOYA-RAMIREZ'S MOTION
FOR PRODUCTION OF NEGATIVE EXCULPATORY STATEMENTS UNDER *BRADY***

**Blackburn, J.**

The matter before me is defendant Jorge Loya-Ramirez's **Motion for Production of Negative Exculpatory Statements Under Brady** [#1305],[1] filed September 9, 2016. The government has filed a response ([#1523] on January 17, 2017).

By this motion, Mr. Loya-Ramirez seeks pretrial disclosure of "negative exculpatory statements," specifically "the contents of any written or oral statement(s) by anyone who gained knowledge of the drug delivery by Defendant, Loya-Ramirez where the statement did not reflect Loya-Ramirez having delivered 500 grams or more of methamphetamine." (Def. Motion at 2.) The government responds by noting(1) that Mr. Loya-Ramirez is not charged in the count of the Indictment to which he refers; (2) that

---

[1] "[#1305]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order and other orders entered in this case.

he fails to demonstrate a good faith belief that such information even exists and thus is merely on a fishing expedition; and (3) that his "negative exculpatory statements" theory has been rejected in this circuit. (**Gov't Resp**. at 1-2.)

In fashioning my ruling, I have considered all relevant adjudicative facts in the file and record of this case. I have considered all relevant facts to which there is no express or implied objection. I have considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by counsel in their papers.

I begin my analysis with a rehearsal of some of the relevant constitutional and legal principles that guide and govern discovery in criminal cases in federal court. In the main, discovery in a criminal case is governed by the provisions of Fed. R. Crim. P. 6, 12, 16, and 26.2; the Jencks Act, 18 U.S.C. § 3500; and – most relevantly for present purposes – the holdings of **Brady v. Maryland**,[2] **United States v. Bagley**,[3] **Giglio v. United States**,[4] **Roviaro v. United States**,[5] and their progeny. Discovery in this case is controlled also by the **Discovery Conference Memorandum and Order** [#243], filed July 6, 2015.

Significantly, "[t]here is no general constitutional right to discovery in a criminal case." **Weatherford v. Bursey**, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). Significantly, there is no requirement that "the prosecution make a complete accounting to the defense of all evidence in its possession," **United States v. Baxter**,

---

[2] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[3] 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

[4] 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[5] 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

492 F.2d 150, 173 (9th Cir. 1973), *cert. denied*, 94 S.Ct. 1945 (1974), and *Brady* does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant, *Smith v. Secretary of New Mexico Department of Corrections*, 50 F.3d 801, 823-24 (10th Cir.), *cert. denied*, 116 S.Ct. 272 (1995). Moreover, the accused has no right to rummage through the government's files, *United States v. Williams*, 580 F.2d 578, 585 (D.C. Cir.), *cert. denied*, 99 S.Ct. 112 (1978), and *Brady* does not authorize wholesale discovery or demand an "open file" policy, *Kyles v. Whitley*, 514 U.S. 419, 436-37, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995). *See also United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (noting the Constitution "does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government") (citation and internal quotation marks omitted).

Instead, *Brady* requires only the disclosure of information that is material in a constitutional sense. *Bagley*, 473 U.S. at 682. The mere possibility that discovery might help the defense does not establish materiality in the constitutional sense. "The criterion of materiality is met only if there is a 'reasonable probability' that the outcome of a trial would have been different had the evidence been disclosed to the defense." *United States v. Gonzales-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). Reading *Brady* and *Giglio* together, the government must produce or disclose evidence that is favorable to the accused when relevant to guilt, credibility, or punishment. *Brady*, 83 S.Ct. at 1196; *Giglio*, 92 S.Ct. at 766.

As the government correctly points out, the theory on which Mr. Loya-Ramirez purports to be entitled to these witness statements is not the law in this circuit. **Brady** requires the government to produce exculpatory evidence, not evidence which is merely not inculpatory. "If a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. . . . We are confident that the Supreme Court did not intend the *Brady* holding to sweep so broadly." ***United States v. Comosona***, 848 F.2d 1110, 1115 (10th Cir. 1988). ***See also United States v. Kennedy***, 819 F.Supp. 1510, 1519 (D. Colo.) ("The Tenth Circuit has specifically interpreted the requirement for disclosure of evidence favorable to the defendant to mean evidence which is 'expressly exculpatory.'") (citation omitted), ***aff'd***, 994 F.2d 747 (10th Cir. 1993). The motion therefore is inapt, and thus will be denied.[6]

**THEREFORE, IT IS ORDERED** that defendant's **Motion for Production of Negative Exculpatory Statements Under Brady** [#1305], filed September 9, 2016, is denied.

Dated March 20, 2017, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[6] Moreover, because no evidence has been presented or proffered to the contrary, I am satisfied that the government is cognizant of and will continue to comply with its on-going obligation to disclose materials as required by the relevant provisions of the Federal Rules of Criminal Procedure, **Brady**, **Bagley**, **Giglio**, **Roviaro**, and their progeny, and orders of the court.